## LEEDS vs. BOZEMAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT, JUDGE WATTS
THEN PRESIDING.

A promise to endorse a note made payable to the defendant, proved by parol
evidence is sufficient to authorize *a recovery,* although he refused to put his
name to it.

This is an action against the defendant, as payee, and on
his *promise* to endorse a promissory note for $1429, signed by
John Hoey, given as alleged for work and mechanical labor
done and materials furnished, at the plaintiff's Iron Foundry.
The note is not endorsed by the payee, who, it is alleged,
refused to endorse it as he promised to do. Judgment is de-
manded against him for the amount of the note.

The defendant pleaded a general denial.

Witnesses were called to prove the promise of the defendant
to endorse the note sued on; that it was given for work and
repairs done on a steam engine belonging to John Hoey, the
defendant's son-in-law; and that the plaintiff would have seiz-
ed and sold the engine to remunerate himself but for the
defendant's promise, to endorse the note in question. There
was a verdict and judgment for the plaintiff, from which the
defendant, after an unavailing effort to obtain a new trial,
appealed.

*Lockett & Micou,* for the plaintiff.

*Preston,* for the appellant.

*Simon, J.* delivered the opinion of the court.

Plaintiff seeks to make the defendant liable for a sum of
$1439 18, which he alleges to be the amount of a note of
hand, the consideration of which was work and labor done
and materials furnished by him to one John Hoey, for and to a
certain steam engine by him made for the said Hoey. He re-
presents that to secure the payment for said work, labor and
materials, the defendant promised to endorse the note which
was to be given by Hoey; that after said work was done, he

presented the note to the defendant who declined and refused to endorse the same as promised; that the promise to endorse said note by said defendant, was his chief inducement to execute and deliver said work and materials; and that without such promise, he would not have done and delivered said work, materials and engine.—The defendant pleaded the general issue; the case was submitted to a jury who found a verdict for the plaintiff, and after having unsuccessfully attempted to obtain a new trial, the defendant appealed.

The record contains two bills of exceptions, which we do not deem necessary to examine; one of them was taken by the defendant, and the other by the plaintiff. The former relates to evidence adduced by the plaintiff to prove an amicable demand which was not at issue; and whatever might be our opinion on the latter, would not make any material change in the final disposition of the cause.

The principal facts disclosed by the evidence, show, that in 1832, plaintiff made a steam engine for Hoey, which was delivered; that Hoey signed a note made payable to the order of the defendant for the price of said engine, which note was presented to said defendant who, although admitting that he would have endorsed it, if the engine had been delivered when it was promised, declined to do so for reasons by him assigned; a witness states that defendant had promised to endorse a note drawn by Hoey, for the price of the engine in question, which is the same note sued on, and that Hoey was present at the time said promise was made; that said promise was made unconditionally; and that the inducement held out to defendant to endorse the note was to prevent plaintiff seizing the engine, and to effect a sale of it and of the property on which it stood. Another witness testifies to other facts and circumstances which would go to establish a promise made previous to the work being finished and delivered; but Hoey himself, the principal debtor, and son-in-law of the defendant, swears that he did not sign the note till several months after the delivery of the engine.

The jury heard the witnesses who testified before them, and appear to have entirely disregarded the bearing of the testimony given by the defendant's son-in-law; they were the proper judges of the contradictions found in the evidence, and were undoubtedly induced to think from all the circumstances of the case that when Hoey drew his note to the order of the defendant so as to be by him endorsed, he did so in consequence of an understanding previously existing between them to that effect.

On the whole, although the evidence is not perhaps so conclusive and satisfactory as might be required, if the case had been tried before the court, we are not prepared to say that the verdict of the jury is so manifestly erroneous as to make our interference necessary, particularly as the Judge *a quo*, though reluctantly, has not thought himself bound to allow the defendant the benefit of a new trial.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

Eastern Dis.
*April,* 1841.

A promise to endorse a note made payable to the defendant, proved by parol evidence, is sufficient to authorize a recovery, altho' he refused to put his name to it.